Evan Livingstone, SBN 252008
LAW OFFICE OF EVAN LIVINGSTONE
740 4th St, Ste 215
Santa Rosa CA 95404
Phone: (707) 206-6570
Fax: (707) 676-9112
Email: evan@evanlivingstone.com

Attorney for Debtor(s) Maria Teresa Amador aka Maria T Pontaza

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 19-10490-DM |
| Maria Teresa Amador aka Maria T Pontaza | Chapter 13 |
| Debtor(s) | AP No. 19-01042-DM |
| Maria Teresa Amador aka Maria T Pontaza | **PLAINTIFF'S FIRST AMENDED COMPLAINT OBJECTING TO DEFENDANT'S SECURED CLAIM FOR FAILURE TO COMPLY WITH TRUTH IN LENDING ACT** |
| Plaintiff | |
| v | |
| Deutsche Bank National Trust Company as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 | **Bankruptcy Code § 502(b)(1) FRBP § 7001(2) TILA (15 U.S.C. §§ 1601–1666j)** |
| Defendant | |

## INTRODUCTION

1. This adversary proceeding is brought by the Debtor pursuant to 11 U.S.C. § 502(b)(1) and FRBP § 7001(2), to object to the allowed secured claim of Defendant Deutsche Bank National Trust Company as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 on the basis that a portion of its claim is unenforceable against the Debtor under applicable law, and to assert counterclaims against Defendant.

2. This Court has jurisdiction in that this matter is a core proceeding, under 11 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B) and (C).

3. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

FACTS

4.  On October 12, 2005, Long Beach Mortgage Company, loaned plaintiff $120,000, secured by a second position deed of trust on plaintiff's home located at 2041 Clydesdale Way, Petaluma CA 94954.

5.  The loan had a 10% interest rate and a prepayment penalty.

6.  Long Beach Mortgage Company assigned the deed of trust to defendant Deutsche Bank National Trust Company on November 1, 2005.

7.  Plaintiff has no record or recollection of ever receiving a TILA final disclosure statement and a HUD-1 settlement statement in connection with the subject loan, and upon information and belief alleges that she never received a TILA final disclosure statement or a HUD-1 settlement statement.

8.  Defendant recorded the November 1, 2005 assignment of the deed of trust on February 15, 2019.

9.  Defendant recorded a notice of default on March 11, 2019 and a notice of trustee's sale on June 14, 2019.

10. On July 3, 2019, the Plaintiff/Debtor filed a chapter 13 case in this Court.

11. On September 5, 2019, Defendant filed a secured claim in the amount of $246,013.36.

12. The amount claimed is excessive and should be disallowed to the extent that it is subject to the defenses and counterclaims set forth below.

CAUSE OF ACTION

**I. Truth in Lending Act**

13. Plaintiff realleges the preceding paragraphs as though fully set out herein.

14. The transaction upon which this claim is based was a consumer credit transaction subject to the federal Truth in Lending Act, 15 U.S.C. §§ 1601–1666j (Act), and Regulation Z thereunder, 12 C.F.R. § 1026.

15. At all times relevant hereto Defendant was a creditor within the meaning of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601–1666j.

16. In the course of the loan transaction, Defendant failed to properly make all of the disclosures required by the Act and Regulation Z.

17. Specifically, plaintiff alleges on information and belief that she never received a TILA final disclosure statement or a HUD-1 settlement statement.

18. Upon information and belief, Long Beach Mortgage Company failed to disclosure certain charges incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z, § 1026.4, thus failing to disclose the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z, § 1026.18(d).

19. The disclosures improperly made by Defendant are material disclosures, and therefore Defendant is liable to Plaintiff in an amount to be proved at trial, plus attorney fees and costs, which must be deducted from its claim by way of recoupment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a.  Monetary damages as provided by 15 U.S. Code § 1640;

b.  Statutory damages as allowed by 15 U.S. Code § 1640;

c.  A reduction in the claim of Deutsche Bank National Trust Company as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 in an amount equal to plaintiff's damages;

d.  Attorney fees and costs as permitted by 15 U.S. Code § 1640;

e.  Such other relief as is just and proper.


Dated: March 2, 2020                                   /s/Evan Livingstone
                                                       Evan Livingstone
                                                       Attorney for Debtor